# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 240 | **DATE** | December 3, 2010 |
| **CASE TITLE** | KENNETH JOHNSON v. DR. HART, et. al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for an extension of time [34] is granted.

## STATEMENT

     Pro se Plaintiff is a pretrial detainee at the Cook County Department of Corrections ("CCDOC") and brought this suit pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserts that upon arriving as a pretrial detainee at CCDOC he informed medical staff that he had recently been shot and subsequently underwent surgery to his hip and abdomen approximately one and a half months prior. Plaintiff claims that during his intake he was given Tylenol for his pain and was processed with the other detainees, but that his medical condition was ignored. Plaintiff alleges that he never received therapy, that he was constantly denied and delayed in the provision of medical treatment for the pain in his hip and chest, and that his request for a mattress was inappropriately prolonged. Plaintiff argues that Defendants' shortcomings caused his condition to worsen and become more painful and that this constituted deliberate indifference by all Defendants to Plaintiff's serious medical needs.

     Defendants Thomas Dart, Dr. Hart, and Dr. Khan filed a motion to dismiss on April 28, 2010. On May 6, 2010, I entered and continued the motion to dismiss and ordered Plaintiff's deposition to be taken by June 30, 2010. Plaintiff was deposed on June 30, 2010 and a copy of the transcript was provided to the Court. On October 4, 2010 a briefing schedule was set ordering Plaintiff to file his response to Defendant's motion to dismiss by October 29, 2010. Plaintiff did not respond to Defendant's motion. At the status hearing on November 8, 2010, I ordered Plaintiff to show good cause in writing why his case should not be dismissed for want of prosecution, and stated that a failure to respond within 14 days would result in summary dismissal of his action. A letter from Plaintiff dated November 13, 2010 was received by the Court on November 22, 2010. In his letter, Plaintiff requests an additional sixty days to submit a response because he has no access to the law library in Division 9 and because he would like to better review the discovery and attempt to obtain legal assistance. Plaintiff states that he has written to several civil attorneys in the hope of retaining their services.

| **STATEMENT** |
|---|
|     I am satisfied that Plaintiff wishes to pursue his claims against Defendants and that he is taking appropriate measures to advance his claims.  Accordingly, Plaintiff is granted an extension of 63 days to respond to Defendant's motion to dismiss or amend his complaint. |