# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kenneth Johnson (#2009-0017910), | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 10 C 240 |
| v. | ) |
| | ) Hon. James B. Zagel |
| Dr. Hart, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the jail have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs (allegedly denying him proper post-surgical care for gunshot wounds), and that the Sheriff and Cook County have an unconstitutional policy and practice of providing inadequate medical care to detainees at the jail. This matter is before the court for ruling on the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

## FACTS

The plaintiff is a pretrial detainee at the Cook County Jail. Defendant M. Khan is a staff physician or physician's assistant at the jail. Defendant Avery Hart is a physician, as well as the facility's director of health care services. Defendant Thomas Dart is the Sheriff of Cook County; the plaintiff also sues Cook County itself.

The plaintiff alleges the following facts, which will be assumed true for purposes of the motion to dismiss:

The plaintiff arrived at the Cook County Jail as a pretrial detainee on March 19, 2009. During the intake process, the plaintiff informed the medical screening staff that he had been shot several times and had undergone major surgery on his hip and abdomen about a month and a half prior to his incarceration. At the time he was booked into the jail, the plaintiff was still suffering "severe, excruciating pain" and required crutches to enable him to walk. The plaintiff requested placement in a medical until while he recuperated.

The medical staff gave the plaintiff Tylenol for pain but otherwise processed him like any other, healthy detainee. The health care staff virtually ignored the plaintiff's debilitated state.

When the plaintiff reached his housing tier, he was assigned to a steel bunk bed with a 3"-thick mattress. Because the plaintiff had pins in his hip, the thin mattress exacerbated the pain he was experiencing. The plaintiff informed correctional officials about his condition. He was directed to submit a medical request slip, and did so.

The plaintiff continued to submit health care request forms seeking medical attention for his "excruciating and chronic" pain.

On March 26, 2009, the plaintiff was called to the health care unit; however, he was not seen or examined. He returned to his housing without having met with a physician or other health care provider.

On March 30, 2009, eleven days after he arrived at the jail, the plaintiff was seen by a physician (Sims, not a defendant), who referred the plaintiff to a physical therapist and changed his medication. The doctor refused to authorize a second mattress for the plaintiff. The thin

mattress on which the plaintiff was sleeping continued to cause pain and pressure, affecting his ability to walk.

On April 14, 2009, the plaintiff had an appointment with a physical therapist. He was issued a walking cane. The plaintiff was not given a double mattress and received no actual physical therapy.

A medical technician checked the plaintiff on April 20, April 27, and April 28, 2009. Although the plaintiff complained of continued pain in his hip and chest, along with dizziness, he was not sent to Cermak Hospital to determine the cause of the persisting problems. The plaintiff continued to submit medical request slips, to no avail.

On May 29, 2009, a doctor checked the plaintiff's vital signs. The doctor took no further action, on the ground that the plaintiff's charts and medical records were not available at the dispensary that day.

After submitting more medical request slips, the plaintiff was seen in the health care unit on June 11, 2009. He was x-rayed, he was furnished with a double mattress, and the permit for a walking cane was extended. The plaintiff was not provided with any rehabilitative therapy. He remained in a small cell for 23 hours a day with little room to exercise or move about.

On June 29 and again on June 30, 2009, the plaintiff returned to the health care unit. The plaintiff underwent an EKG and his blood pressure was taken. The doctor also prescribed physical therapy, but no therapy was provided.

On August 3, 2009, the plaintiff filed a grievance complaining that the denial of prescribed therapy resulted in his suffering "constant pain" in his hip and chest. Despite filing the grievance

4

and submitting countless additional grievances, the plaintiff was never scheduled for physical therapy.

On the same date, the plaintiff saw defendant Khan, who berated the plaintiff for relentlessly badgering the health care unit. The doctor renewed the plaintiff's prescriptions but provided no care whatsoever.

On September 26, 2009, the plaintiff sent a letter to defendant Dart detailing the issues he was having with his health care. Dart did not respond to the plaintiff's letter.

On November 12, 2009, after submitting several more medical request slips, the plaintiff was seen by a doctor and his prescription for pain medication was refilled.

The plaintiff's grievance was referred to the medical director (defendant Hart), but was ultimately denied in December 2009.

The plaintiff contends that the denial of post-surgical care and accommodations caused him both unnecessary pain and lingering injury.

## DISCUSSION

Accepting the plaintiff's allegations as true, the court finds that the complaint states a viable cause of action against Drs. Hart and Khan. The plaintiff may further develop his claims of deliberate indifference on the part of health care providers. However, the plaintiff's custom-and-policy claim against Sheriff Dart and Cook County is too attenuated to survive a motion to dismiss.

**I. The Complaint States a Tenable Claim Against Health Care Providers**

The complaint articulates facts suggesting that defendants Hart and Khan may have acted with deliberate indifference to a serious medical need. Correctional officials and health care

providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The plaintiff has not pled himself out of court simply by acknowledging that he had frequent contacts with the health care staff. The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

The plaintiff has alleged an objectively serious medical need: throughout the complaint he describes his pain as "excruciating," "constant," and "severe." Furthermore, he has stated facts indicating that health care providers acted with deliberate indifference. Defendant Khan reportedly denied the plaintiff medical treatment because he was angry at him for submitting so many request slips. Hart, in turn, as a physician and director of the health care unit (and who was on notice of the plaintiff's medical concerns due to the grievance being referred to him) was in a position to address the plaintiff's needs. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or the refusal to provide care or accommodations prescribed by doctor, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999).

As the defendants point out, neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference to his pain and need for physical therapy state an

6

arguable claim for relief under 42 U.S.C. § 1983. Accordingly, the motion to dismiss is denied as to Count I, the plaintiff's deliberate indifference claim against defendants Hart and Khan.

**II. The Complaint Fails to State a Claim Against Sheriff Dart in His Individual Capacity**

Nevertheless, the complaint is dismissed as to Sheriff Thomas Dart, as the plaintiff has alleged no facts showing Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The mere fact that Dart is the Sheriff of Cook County is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

The court recognizes that a supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). But in the case at bar, because the plaintiff was being seen by health care professionals during the time period in question, he has no cause of action against supervisory or grievance officials. A warden is shielded from liability when a plaintiff is receiving ongoing care from health care professionals. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The plaintiff cannot blame any inaction on correctional officials whose only role was to forward grievances to the health care unit for resolution.

Again, at this stage of the proceedings, the court cannot determine either whether the plaintiff's medical condition was "serious" for purposes of Fourteenth Amendment analysis, or whether the medical care he received was constitutionally adequate. However, the sheriff was constitutionally permitted to rely on medical professionals to assess the plaintiff's medical needs

8

and to provide appropriate care. Because the plaintiff was receiving ongoing treatment from medical professionals, he has no claim against Sheriff Dart for failing to intervene. Consequently, the plaintiff has no claim against Dart in his individual capacity.

### III. The Complaint Fails to State a Claim Against Either Sheriff Dart in His Official Capacity, or Cook County

Under the circumstances of this case, the plaintiff has no viable claim against Sheriff Dart in his official capacity or Cook County. The plaintiff's conclusory assertion that there is a county policy of providing ineffective medical care to detainees is insufficient to state an actionable claim. In order to withstand a motion to dismiss, a complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. A complaint's allegations must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007).

As noted *supra*, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994) ("*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983"). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A government as an entity

9

is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003).

To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by: (1) the enforcement of an express policy; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a person with final policy-making authority. *Wragg*, 604 F.3d at 468 (citations omitted).

Here, the plaintiff has failed to allege facts implicating the existence any of the three possible bases for municipal liability. First, there can obviously be no express municipal policy authorizing correctional officials or health care providers to deny needed medical care.

Nor has the plaintiff alleged facts to support an inference that a *de facto* unconstitutional municipal policy or custom exists or existed. The plaintiff's conclusory charge that a widespread practice exists, without any factual foundation, is insufficient to defeat summary judgment. A policy or practice claim "requires more evidence than a single incident to establish liability."

*Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005), *citing City of Oklahoma v. Tuttle*, 471 U.S. 808, 822, (1985); *accord, Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 968 (N.D. Ill. 2003) (Grady, J.). A custom or policy cannot be attributed to the County on the basis of one inmate's dissatisfaction with the quality of his medical care actually received.

The plaintiff is likewise unable to satisfy the third alternative, that the constitutional violation was at the hands of an individual with final policymaking authority. The plaintiff's custom-and-policy claim is therefore dismissed. The plaintiff may seek redress only against the health care providers who, personally and directly, provided allegedly deficient care.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for failure to state a claim is granted in part and denied in part. The plaintiff may proceed on Count I, his deliberate indifference claim against Defendants Hart and Khan, as well as Count III, his state tort claims (which are not addressed in the defendants' motion to dismiss). Count III, the plaintiff's custom-and-policy claim against Sheriff Dart and Cook County, is dismissed for failure to state a claim. Count IV, the plaintiff's indemnification claim against Cook County, is accordingly dismissed as moot. This order is not intended to discourage either party from filing a properly supported motion for summary judgment.

As a final concern, the plaintiff is reminded of basic filing requirements: he must (1) provide the court with the original plus a judge's copy of every document filed and (2) include with every court filing a certificate of service showing that a copy was mailed to opposing counsel. In the future, the court may strike without considering any document filed that fails to comport with these basic filing rules.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the complaint for failure to state a claim [#21] is granted in part and denied in part. Defendants Hart and Khan are directed to answer or otherwise plead within twenty-one days of the date of this order. However, the plaintiff's claims against Sheriff Dart and Cook County are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

ENTER:

James B. Zagel
United States District Judge

DATE: May 5, 2011